IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEMETRUS COLE,**
**No. S-01875,**

**Petitioner,**

vs.                                                     Case No. 17-cv-450-DRH

**JACQUELINE LASHBROOK,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Demetrus[1] Cole, a state prisoner now housed at Menard Correctional Center, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 conviction for murder and robbery. He is currently serving sentences totaling 52 years, imposed by the Circuit Court of Jefferson County, Illinois, following a jury trial in Case No. 06-CF-429. (Doc. 1, pp. 1-2). Petitioner challenges his conviction based on alleged errors by the trial court regarding *voir dire*, jury instructions, and admissibility of testimony and other evidence; ineffectiveness of trial and appellate counsel; and prosecutorial misconduct. (Doc. 1, pp. 19-37).

Petitioner's judgment of conviction was entered on March 5, 2010. (Doc. 1, pp. 1, 39). On August 15, 2012, his conviction and sentence were affirmed on

---

[1] Petitioner spells his first name as "Demetrus" in the Petition. (Doc. 1, pp. 1, 18). However, his name is listed as "Demetrius," an apparent misspelling, in many of his attached court documents. The Court will use the correct spelling of "Demetrus" as reflected in the Petition.

1

direct appeal. (Doc. 1, pp. 2, 40). On November 28, 2012, the Illinois Supreme Court denied his petition for leave to appeal. *Id.* Petitioner did not seek further review by the United States Supreme Court. (Doc. 1, p. 3).

On December 26, 2013, petitioner filed a petition for post-conviction relief in the trial court. (Doc. 1, pp. 3, 39). That petition was denied on March 21, 2014, and petitioner appealed. (Doc. 1, pp. 4, 43-44). On November 29, 2016, the Illinois Appellate Court, Fifth District, affirmed the dismissal of the post-conviction action. (Doc. 1, pp. 4, 44-59). Petitioner sought further review by the Illinois Supreme Court, but on March 29, 2017, his petition for leave to appeal was denied. (Doc. 1, pp. 15, 60).

The instant habeas action was filed on May 1, 2017. (Doc. 1, p. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his Petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(A); (d)(2). Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

## Pending Motions

Petitioner's motion for recruitment of counsel (Doc. 2) is **DENIED** without prejudice at this time as premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the Respondent's answer to the Petition.

The motion for leave to proceed *in forma pauperis* (Doc. 4) is **DENIED AS MOOT**. Petitioner has made full payment of the $5.00 filing fee for this action.

## Disposition

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the State from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: June 18, 2017**

Judge Herndon
2017.06.18
11:14:29 -05'00'

**United States District Judge**